# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1003
Lower Tribunal No. 2023-CF-007945-A-O

_____

GEORGE QUINONES SANTIAGO,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Michael Kraynick, Judge.

July 24, 2026

BROWNLEE, J.

Appellant George Quinones Santiago appeals his conviction for trafficking in four grams or more of a fentanyl derivative. We reverse because the State failed to prove the allegations made in its charging document, and, therefore, Appellant was entitled to a judgment of acquittal.

## **Background**

In June of 2023, Appellant was the backseat passenger in an Uber during a traffic stop. After a K-9 unit alerted to the presence of narcotics, officers ordered

Appellant and the driver out of the car to pat them down for weapons. Because the satchel Appellant was wearing felt heavy, one deputy opened it to see whether it contained a firearm. He found a prescription pill bottle instead. When asked whether he had a prescription for the contents of that bottle, Appellant replied that he did not and explained that he used it for anxiety. The deputy put on gloves, removed the contents of the pill bottle, and performed a field test on a white powdery substance found inside. The presumptive test result was positive for the presence of narcotics.

The Florida Department of Law Enforcement later performed its own analysis of the substance and concluded it was 6.26 grams of xylazine and para-Fluorofentanyl. Section 893.03(1)(a)62. of the Florida Statutes categorizes "para-Fluorofentanyl" as a Schedule I drug.

The State filed an information against Appellant, charging him with Trafficking in Illegal Drugs, in violation of sections 893.135(1)(c)4.a. and 893.135(1)(c)4.b.(I), Florida Statutes. The information specifically alleged Appellant trafficked in "four (4) grams or more, but less than fourteen (14) grams of fentanyl, or a mixture containing fentanyl, a substance controlled by § 893.03(2)(b)9." Section 893.03(2)(b)9. lists "fentanyl" as a Schedule II drug.

At trial, during its case in chief, the State called the two deputies involved in the traffic stop, as well as the senior crime laboratory analyst from the FDLE who tested the substance in the prescription pill bottle. The analyst testified it was her

2

duty to test evidence for the presence of controlled substances, to generate reports, and to testify when needed. Her testing for this case revealed the substance was "xylazine and para-Fluorofentanyl of 6.26 plus or minus .20 grams." She explained that para-Fluorofentanyl is a "very potent synthetic opioid" and is a type of fentanyl. But she clarified on cross-examination that fentanyl and para-Fluorofentanyl have "two separate chemical structures." She reiterated that testimony on redirect examination and clarified that the two have the "same basic structure, minus the fact that para-Fluorofentanyl has an extra fluorine atom attached to the structure. So they are different chemically, but it is a fentanyl – type of fentanyl."

After her testimony, the State rested, and Appellant moved for a judgment of acquittal. He argued the State charged Appellant with trafficking in the specific substance listed in section 893.03(2)(b)9., which is "fentanyl," but the evidence showed the substance in the pill bottle was actually para-Fluorofentanyl, listed in section 893.03(1)(a)62. Appellant argued the two are distinct under Florida law. According to Appellant, the State should have amended the charge to list the substance as para-Fluorofentanyl, and because it never did, he was entitled to a judgment of acquittal.

The State responded that the crime was properly charged because para-Fluorofentanyl is a fentanyl derivative. Under its theory, the substance was a mixture containing fentanyl and had fentanyl properties and, therefore, the State was "good

3

to go" under the statute. After much carrying on between the parties, the court took the matter under advisement.

It later denied the motion. In doing so, the court considered the evidence in the light most favorable to the State and relied on the FDLE agent's testimony that the substance analyzed was a type of fentanyl. It then explained section 893.135(1)(c)(4)a., which Appellant was charged with violating, contemplates both fentanyl and fentanyl derivatives, and para-Fluorofentanyl is a fentanyl derivative.

The trial proceeded, and it was then Appellant's turn to put on his case. Before he did so, Appellant asked the trial court to take judicial notice of section 893.03 of the Florida Statutes, so that, as he put it, the jury could see the hundreds of drugs listed and that they are separate and distinct under the Florida Statutes. Appellant asked that he be allowed to publish the statute to the jury during his case and in closing arguments. The State objected and argued the probative value of the statute would be outweighed by the danger of misleading and confusing the jury. After lengthy argument, the trial court granted the request but limited its notice to only the relevant portions of the statute.

Having lost on that issue, the State asked the court for leave to amend the information, explaining that its listing of fentanyl under section 893.03(2)(b)9. was a scrivener's error and that the State's position throughout the case was that the substance was a mixture containing fentanyl. It maintained para-Fluorofentanyl fell

4

"within the purview" of the statute. Appellant responded that he would be prejudiced by the substantive amendment of the information after the close of the State's case. The trial court noted the defense received the FDLE report, showing the substance was actually para-Fluorofentanyl, well before trial, so it had plenty of notice of that fact. It further found the information charged a violation of section 893.135(1)(c)4.a., which includes fentanyl and fentanyl derivatives. Finding no prejudice to the defense, the court permitted the State to amend the information. That amended information charged Appellant with trafficking in "four (4) grams or more, but less than fourteen (14) grams of Fentanyl Derivative, or of a mixture containing Fentanyl Derivative, a substance controlled by Florida Statute 893.03(1)(a)62."

After Appellant testified on his own behalf, the defense rested. Appellant renewed his motion for judgment of acquittal, to no avail. At the conclusion of trial, the jury found Appellant guilty of the crime charged in the amended information—trafficking in four grams or more of a fentanyl derivative. The court sentenced Appellant to twenty years in prison, with a minimum mandatory term of seven years.

Appellant now appeals his judgment and sentence. He raises several arguments for our consideration, but we address only the denial of his motion for judgment of acquittal. Appellant maintains, as he did below, that he was entitled to an acquittal because the State's evidence showed the substance was para-Fluorofentanyl and not fentanyl, as alleged in the information. The State counters

5

that there was no error. It asserts any reference to fentanyl rather than para-Fluorofentanyl is a "distinction without a difference" and notes para-Fluorofentanyl is included in the charging statute. Finally, the State relies on the FDLE agent's testimony that the substance was "a fentanyl." None of these arguments save the State from its defective charging document.

### Standard of Review

We review the denial of a motion for judgment of acquittal de novo. *See Vana v. State*, 419 So. 3d 1172, 1173 (Fla. 6th DCA 2025). At trial, the State bears the burden to prove "each and every element of the offense charged beyond a reasonable doubt to establish a prima facie case." *Greenwade v. State*, 124 So. 3d 215, 220 (Fla. 2013) (citing *Baugh v. State*, 961 So. 2d 198, 203–04 (Fla. 2007)). Where the prosecution fails to meet this burden, the judgment of acquittal should be granted. *Id.* "Florida law recognizes that the State has presented sufficient evidence to sustain a conviction if, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt." *Id.*

### Analysis

Count one of the original information charged Appellant with trafficking in four grams or more of fentanyl. According to the jury instructions, in order to prove trafficking in fentanyl, the State had the burden to show: (1) the defendant knowingly

6

possessed, sold, purchased, manufactured, delivered, or brought into Florida the substance at issue; (2) the substance was a controlled substance; and (3) the substance was a certain weight. *See Johnson v. State*, 287 So. 3d 673, 676 (Fla. 1st DCA 2019) (citing Fla. Std. Jury Instr. (Crim.) 25.7(a)).

Section 893.135(1)(c)4. identifies those substances that can support a conviction for trafficking in dangerous fentanyl or fentanyl analogues. It provides:

> A person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 4 grams or more of:
>
> (I) Alfentanil, as described in s. 893.03(2)(b) 1.;
> (II) Carfentanil, as described in s. 893.03(2)(b) 6.;
> (III) Fentanyl, as described in s. 893.03(2)(b) 9.;
> (IV) Sufentanil, as described in s. 893.03(2)(b) 30.;
> (V) A fentanyl derivative, as described in s. 893.03(1)(a) 62.;
> (VI) A controlled substance analog, as described in s. 893.0356, of any substance described in sub-sub-subparagraphs (I)-(V); or
> (VII) A mixture containing any substance described in sub-sub-subparagraphs (I)-(VI),
>
> commits a felony of the first degree, which felony shall be known as "trafficking in dangerous fentanyl or fentanyl analogues," punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 893.135(1)(c)4., Fla. Stat. (2023).

Because the statute lists the substances in the disjunctive, we view them as alternative means by which the State may prove trafficking in dangerous fentanyl or fentanyl analogues. And where a statute lists the various means or methods of committing an offense in the alternative, the Florida Rules of Criminal Procedure

7

permit the State to charge the conduct in the alternative. *See* Fla. R. Crim. P. 3.140(k)(5) ("For an offense that may be committed by doing 1 or more of several acts, or by 1 or more of several means, or with 1 or more of several intents or results, it is permissible to allege in the disjunctive or alternative such acts, means, intents, or results."); *see also Price v. State*, 995 So. 2d 401, 404–05 (Fla. 2008) ("The offense of sexual battery may be proven by alternative methods, so it follows that the information should be free to include such alternative bases for conviction.").

Florida law has long held, however, that "where an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged in the indictment. . . . [I]f [only] one of the state of facts is alleged, it cannot be established by proof of the other." *Long v. State*, 92 So. 2d 259, 260 (Fla. 1957); *see also Eaton v. State*, 908 So. 2d 1164, 1165 (Fla. 1st DCA 2005) ("The law is well settled in Florida that where an offense can be committed in more than one way, the trial court commits fundamental error when it instructs the jury on an alternative theory not charged in the information." (citations omitted)). Indeed, "[n]o principle of criminal law is better settled than that the State must prove the allegations set up in the information or the indictment." *Lewis v. State*, 53 So. 2d 707, 708 (Fla. 1951).

In this case, the State narrowed its allegations and specifically identified the controlled substance at issue as "fentanyl, or of a mixture containing fentanyl, a substance controlled by Florida Statute 893.03(2)(b)9." Thus, at trial, the State had

the burden to prove Appellant knowingly sold, purchased, manufactured, delivered, or brought into the State of Florida four grams or more of fentanyl, as described in section 893.03(2)(b)9. But the State never proved that charge. The State did not present any evidence that the substance deputies seized from Appellant was fentanyl. Rather, the State's evidence unequivocally showed that substance was para-Fluorofentanyl, a fentanyl derivative. And while the State urges us that this is merely a "distinction without a difference," the statutes tell a different story.

Fentanyl is identified in section 893.03(2)(b)9., Florida Statutes, as a Schedule II drug. As described in section 893.03(2), a Schedule II substance has "a high potential for abuse[,] . . . a currently accepted but severely restricted medical use in treatment in the United States, and abuse of the substance may lead to severe psychological or physical dependence." The statute then lists those substances that are controlled in Schedule II, including Fentanyl. *See* § 893.03(2)(b)9., Fla. Stat. Fentanyl, as described in section 893.03(2)(b)9., is listed in the trafficking statute under section 893.135(1)(c)4.a.(III).

Unlike fentanyl, para-Fluorofentanyl is listed in section 893.03(1)(a)62. as a Schedule I drug. Section 893.03(1) describes Schedule I substances as those that have "a high potential for abuse and . . . no currently accepted medical use in treatment in the United States and in its use under medical supervision does not meet accepted safety standards." Subsection 893.03(1)(a)62. lists certain "fentanyl

9

derivatives," including but "not limited to: Para-Fluorofentanyl." § 893.03(1)(a)62.g.(IX). "A fentanyl derivative, as described in s. 893.03(1)(a)62." is listed in the trafficking statute under section 893.135(1)(c)4.a.(V). Thus, the Florida Statutes treat the substances differently.

Once the State charged Appellant with trafficking in fentanyl, "as described in [section] 893.03(2)(b)9.," it could not satisfy its burden of proof by submitting evidence that Appellant trafficked in a fentanyl derivative, "as described in [section] 893.03(1)(a)62." *See Aaron v. State*, 284 So. 2d 673, 677 (Fla. 1973) ("The right of persons accused of serious offenses to know, before trial, the specific nature and detail of crimes they are charged with committing is a basic right guaranteed by our Federal and State Constitutions.").

Finally, nothing about the FDLE agent's testimony alters our conclusion. The State urges that the trial court did not err in denying the motion for judgment of acquittal because the agent testified that para-Fluorofentanyl is a type of fentanyl. While that is true, the State overlooks that the FDLE agent later clarified that the two substances have "separate chemical structures." She stated that para-Fluorofentanyl has an extra fluorine atom attached to the structure, making them "different chemically." Thus, the totality of her testimony established that the substances are indeed different, as reflected in the statutes.

## Conclusion

Here, the State charged Appellant with trafficking in "fentanyl" as "a substance controlled by Florida Statute 893.03(2)(b)9.," but it offered no evidence of that substance at trial. And, when Appellant moved for a judgment of acquittal based on this failure of proof, the State maintained that the charging document was correct rather than seeking to amend it. Because the State did not present competent substantial evidence of every element charged, Appellant was entitled to a judgment of acquittal the first time that he asked for it. Accordingly, we have no choice but to reverse and remand this case for entry of such judgment.

In conclusion, we echo Judge Guard's recent observation that "issues like this should be avoided by the State taking a moment to double-check its charging documents." *Facundo v. State*, 51 Fla. L. Weekly D1039, D1040 (Fla. 2d DCA May 22, 2026). Indeed, "prosecutors must constantly strive to exert that degree of professional skill and diligence in the preparation of charges and the presentation of evidence in support thereof worthy of the position." *Waterman v. State*, 317 So. 2d 469, 469 n.1 (Fla. 4th DCA 1975).

REVERSED and REMANDED.

NARDELLA and GANNAM, JJ., concur.

Laura L. Cepero, of Law Office of Lindsay Chase, Hollywood, for Appellant.

11

James Uthmeier, Attorney General, Tallahassee, and Roberts J. Bradford, Jr., Senior Assistant Attorney General, Daytona Beach, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED